UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHILANE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>Defendant. | Case No.: 1:26-cv-03833-LDH-TAM<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff, SHILANE CARTER, by and through her attorneys, MORGAN & MORGAN NEW YORK PLLC, alleges upon information and belief:

1. Plaintiff Shilane Carter is a citizen of the State of New York, domiciled in Kings County, New York, and was so domiciled at the time this action was commenced and at the time of removal.

2. Defendant Whole Foods Market Group, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Austin, Texas, and is therefore a citizen of Delaware and Texas pursuant to 28 U.S.C. § 1332(c)(1).

3. The amount in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), this District embracing Kings County, where the action was pending at the time of removal, and independently pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to the claim having occurred in Kings County.

5. At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

6. At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., owned, used, or possessed real property situated within the State of New York.

7. At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., conducted business within the State of New York.

8. At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., regularly did business, solicited business, engaged in a persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

9. At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., expected or should have reasonably expected its acts to have consequences in the State of New York.

10. On and before December 26, 2025 (the "Subject Date"), Defendant, WHOLE FOODS MARKET GROUP, INC., owned the premises located at 214 3rd St, Brooklyn, NY 11215 (the "Subject Premises").

11. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., was one of the owners of the Subject Premises.

12. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., leased the Subject Premises.

13. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, possessed the Subject Premises.

14. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, operated the Subject Premises.

15. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., did business at the Subject Premises.

16. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, maintained the Subject Premises.

17. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, cleaned the Subject Premises.

18. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, managed the Subject Premises.

19. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, inspected the Subject Premises.

20. On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, controlled the Subject Premises.

21. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, repaired the Subject Premises.

22. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, designed the Subject Premises.

23. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, constructed the Subject Premises.

24. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, derived a special use from the Subject Premises.

25. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, hired, retained, contracted, and/or trained certain

individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

26. At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET GROUP, INC., to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

27. At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET GROUP, INC., to maintain the exterior sidewalk (the "Subject Location") at the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

28. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, inspected the Subject Location at the Subject Premises.

29. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, repaired the Subject Location at the Subject Premises.

30. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, installed the walking surface at the Subject Location at the Subject Premises.

31. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, designed the walking surface at the Subject Location at the Subject Premises.

32. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

33. On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., derived a special use from the Subject Location at the Subject Premises.

34. On the Subject Date, Plaintiff, SHILANE CARTER, was lawfully traversing the Subject Location at the Subject Premises.

35. On the Subject Date, Plaintiff, SHILANE CARTER, was caused to fall due to a raised sidewalk at the Subject Location of the Subject Premises, thereby sustaining serious injuries and damages.

36. On and before the Subject Date, Defendant had notice of this defective condition and/or the recurrence of similar and related conditions. In the alternative, Defendant created the defective condition.

37. Plaintiff SHILANE CARTER's injuries and damages were caused solely by Defendant's negligence in causing and/or permitting this dangerous condition, which Defendant knew, or should have known, existed and continued to exist, and/or by failing to warn Plaintiff, SHILANE CARTER, of said dangerous condition.

38. The foregoing incident and resulting serious injuries occurred as a direct result of the negligence, carelessness, and/or recklessness of Defendant, its employees, agents, servants, and/or staff, without any negligence attributable in any measure to Plaintiff.

39. As a result of the negligence, carelessness, and/or recklessness of Defendant, its employees, agents, servants, and/or staff, Plaintiff was seriously injured and has suffered damages.

40. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

**WHEREFORE**, Plaintiff, SHILANE CARTER, demands judgment against Defendant in an amount that exceeds the minimum amount in controversy required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
July 24, 2026

**MORGAN & MORGAN NEW YORK PLLC**

By: *_/s/ Nicholas Gerschman_*
Nicholas Gerschman
Attorneys for Plaintiff
199 Water Street, 15th Floor
New York, NY 10038
(917) 344-7021
ngerschman@forthepeople.com